Our third case for argument today is West v. Carr. Back in 2015, I was appointed by Judge Connolly to represent Mr. Ioppa after this court had vacated part of a district court decision and remanded the case back to the district court on a RLUIPA claim. That case was settled and the primary term of the settlement was the state would not cancel any congregate religious activities across all DOC institutions for the lack of having somebody qualified to lead them. The state had 90 days under the agreement to assure that that would occur. When it didn't occur, we brought the present action. The district court on summary judgment found against Mr. Ioppa on his RLUIPA claim and in favor of the... On his what complaint? Religious Land Use Institutionalized Person Act. Yeah, it's not that's not a word. You could just refer to his statutory complaint. Okay, very good. And found in favor of... I've got a simple question for you. Yes. We know the procedural posture of this case. The question is why wasn't this suit filed in state court, right? The settlement contract is a contract. It's not a federal claim. That's the holding of Well, Mr. Ioppa had both a claim under the federal statute as well as the district court had been... As the district court observes, it's not a very good claim under the federal statute. We have held, lots of courts have held, that that statute does not entitle prisoners to lead their own religious services. All right. We then encounter the problem that the district court says, oh well there's obviously been a violation of the settlement agreement, but now why don't you go to state court and seek a remedy for that violation? And that leaves us with, to be polite, a mess. Right? It almost defines an advisory opinion for a federal court to say, look I'm finding a problem but somebody else has to clean it up. Well, no I guess I don't agree with that, your honor. I mean the statutory claim, this isn't about whether or not inmates should be able to lead groups. I mean our kind of bottom at the end is if you can't do these other things, that's something you should consider rather than either canceling the alternative that conflicts with the law. I'm sorry, I should never ask compound questions. Forget about the statutory claim. Why isn't the claim based on the contract in state court? Let me repeat to you what my problem is. It looks to me like if a case is in federal court, the relief has to be in federal court. Right? There isn't, so far as I know, there is no precedent for allowing a federal judge to say, okay I find a violation but somebody else has to supply the relief. Do you know of any precedent for that? I don't, but I don't. That's why I said it sounds, and it sounds like an advisory opinion, and it certainly is says that the plaintiff gets the relief to which it's entitled rather than a reference to some other court. So my question is why aren't we in state court for the whole of the contractual claim? That's what I'm trying to get at. I'm sorry for being complex. You weren't, I'm sorry for not understanding. The parties agreed that the district court would retain jurisdiction over the terms of the settlement. So the court was the appropriate, the district court was the appropriate place for that. Then I should think the district court is the appropriate place to decide the whole thing. Right? Our problem, my problem is that the judge didn't do that. Right, that's our problem as well. We believe the district court could have and should have done that, that the Prison Litigation Reform Act did not preclude him from doing that under the So he could have given the relief for the violation that he found of the settlement agreement. There were 120, in two years there were 125 outright cancellations and in 2019 an additional 127 outright cancellations. Mr. Modell, getting back to an aspect of Judge Easterbrook's question, the prior case was a dismissed with prejudice, right? Correct. Right, and in that order the court did not retain any jurisdiction, nor is there a consent decree entered into the parties that the court would enforce. Now we all know that parties can't agree to federal jurisdiction, so the question then becomes why isn't the breach of contract claim, well let me put this way, is to breach of contract claim a separate state claim and is the only way for district court to retain jurisdiction of that claim after the federal claim was dismissed, it's supplemental jurisdiction. Is that a correct statement? That's a correct statement and the district court exercised that supplemental jurisdiction by ruling on the merits of the contract claim. I mean the district court could have said. But then stopped, right? That's the question Judge Easterbrook, but then stopped and said the precise contours of a remedy are going to have to be figured out in the state tribunal. That's what the district court did, finding that his interpretation, Judge Connolly's interpretation of the PLRA precluded him. If you would use real words, that would help. The Prison Litigation Reform Act. Thank you. Now go ahead, you're responding to what Judge Lee and I are asking you. Have I responded? That is my question too. We're all worried about the same thing. I got it, can I ask you to get just to get the advantage of your time here, and that is one of the things I struggled with here and in all, I mean focused on the federal statutory claim. Okay, what is it that Mr. Ioppa believes that he should be entitled to do that he's not being allowed to do? In this world where we get into, you know, a minister is not able to come in, a qualified volunteer is not able to come in. Sure, probably. I can't figure, I'm not sure whether the parties are talking past one another. In other words, I'm not sure you have a disagreement. Yeah, I think we do. I think what is it because that what the state says is the least restrictive alternative is a policy that allows the state to offer as an alternative to a service or a study group that's required by religion, in this case Jumu'ah, the service, to offer a service that violates the tenets of Islamic law. It allows the state to play a major role. So does that lead your client to say in these instances, these unfortunate instances that pop up, I need to be able to lead the service? No, I think that the restrictive alternatives then having a service that conflicts with the rights and the particular tenets of the religion and one would be reschedule it. Okay, it's Jumu'ah typically would be on a Friday at noon. If a person is unavailable Friday at noon, reschedule it for Tuesday at noon but have it a service in the week. If the Catholic Mass is not there, the volunteer is not available on Monday, do it on Wednesday. So the first alternative is reschedule. Okay, did you in the district court itemize these various alternatives? We did. We talked through the various alternatives. It would include this, would include recruiting volunteers and if the court looks at the record, there is not a single statement in the record addressing what the state did after the days to recruit volunteers so that if there was somebody who was not available, there would be a volunteer that could assist. We gave that option. You spent a lot of time in your reply brief on if everything doesn't work out as it should or as alternatives could play out, your client should be able to lead these If you can't find a volunteer, is you allow a qualified person to lead if that's permitted? Okay, and that's here's what throws me off about that. Okay, my first question is, is the lead or the facilitate it what the state is on what the DOC, Department of Corrections, is offering here is not sufficient? That's my first question. Okay, and number two, your client filed an affidavit in the case and in the affidavit, he seems to say that anything inmate-led is insufficient, but yet he files a reply brief in the case saying I want to lead. I don't know that he said, Judge, that it's insufficient if... but were led by inmates, not by a qualified chaplain or volunteer. Paragraph 31 of his affidavit. Correct. I mean, that's in the state and that's what in fact he says occurred for those six jumuah services. Then how can all of a sudden it become adequate if he's leading something, whatever the content of lead is? Well, Judge, the fact that they allowed him to lead or allowed someone to lead those services means that this concern that having an inmate-led service is going to create all these security concerns, it's counter to that. I mean, maybe this is dancing on the head of a needle, but I'm not so sure that... I don't know if you all agree on what it means to lead. I think that what your client may have in his mind about lead, I don't know if it's the same or different than what the defendant has. Yeah, I think it's what the religion requires, right? I mean, the religion, for example, Islam, requires that a jumuah service be led in person by someone qualified to lead that. Would that ever be an inmate? That could be an inmate, yes. And it could... it seems like from his affidavit that your client believes it could be him. Correct. He has the adequate training to be able to do that. And that your adversary agrees with that? I don't believe there's any dispute on that. We seem to be talking about things. The difficulty I've had with this case is it seems like both sides are just passing in the night on this statutory claim. I'm not sure we are because, again, the state's less restrictive or least restrictive means for dealing with security is to give an alternative, singing as an alternative, which is not allowed under a particular religion, okay? You can't... when you were asking what would, or Judge Lee was, what would Mr. West want, I mean, Mr. West would say, what I would like is that the state, they can do whatever alternatives that comply with what the religious tenets are for religion, but they can't offer an option that violates the religious tenets, like, for example, a jumuah you have to have present at the service, in person, someone who's qualified to lead it. I would like to leave my last minute or so for rebuttal. Certainly, Mr. Modell. Ms. Schmelzer. Good morning, Your Honors, and may it please the court. I'm Jody Rupp, sent the defendant appellee in this case, Kevin Carr, the Secretary of the Wisconsin Department of Corrections. For most of the past 25 years, Mr. West has resided in a maximum-security prison, and while DOC is required to accommodate his Islamic beliefs, his right to freely practice his religion is not limitless. As this court has observed, the federal statutes, the Religious Land Use and Institutionalized Persons Act, does provide a backstop. Just picking up on some of the panel's questioning here on the federal statutory claim, it has been difficult to gauge what Mr. West's proposed alternatives that were less restrictive were in this case. It's easy to see what your view is, because you're asking us to affirm the district court's judgment. That's exactly right, Your Honor. And that leads to the question, which I think all of us have, how can a district judge slice a claim in two and say, I'm finding a violation, the remedy has to be provided by another tribunal? What rule, statute, precedent allows that? Not to say that we wouldn't oppose this court reversing the finding of liability on behalf of my clients as far as the breach of contract claim goes. I think I haven't seen anything adverse to that, the court exercising supplemental jurisdiction over this breach of contract claim, but then again, like I said, my client would not be opposed to reversal of that. Rule 54C says the plaintiff gets the relief to which it's entitled. It doesn't say, and having decided liability, the court should send the relief question to another court. Right? Splitting one claim across two courts has a lot of problems. They're not hard to imagine. I don't need to describe them. If you don't have a statute or a precedent, and I looked and couldn't find any, why should we allow this to happen? What we know, your honor, is that Mr. West is not entitled to relief, an injunctive relief in this case, because the Prison Litigation Reform Act restricts that. Your reading of the Prison Litigation Reform Act is that a contract. It certainly doesn't say that. It seems to say it can't afford any relief as a matter of federal law, except to the extent it's required by federal law. Now, of course, we could say that and then remand to the district court to finish the job. What is it in the Prison Litigation Reform Act that prevents a It prevents the ordering of perspective relief in any civil action and says that it can extend no further than necessary to correct the violation of a federal right. But this whole statute is about claims under federal law. Suppose no claim under the religious land use, etc. statute had ever been made in this case, that this was nothing but an action to enforce a contract. You think a federal court would be required to dismiss it for lack of jurisdiction? I would. You really think the Prison Litigation Reform Act says that? I think the Prison Litigation Reform Act says that a federal court cannot issue a federal injunction to enforce a state contract where there's no violation of a federal right. And I think this court's decision this past year in the Rochelle v. Jeffries case solidifies that. That case is very similar to this case. There was a 2016 settlement agreement that the Illinois Department of Corrections entered into. It corrected federal violations of the Eighth Amendment as far as the provision of mental health treatment for inmates in Illinois. The provisions of the settlement agreement weren't being abided by. All of them weren't being abided by. So the case came to federal court again and there the district court found no violations of the Eighth Amendment. But this court reversed its injunction because other provisions weren't being abided by in that settlement agreement. This court reversed that injunction and said you can't issue a federal injunction to enforce these other provisions because there was no violation of a federal right. So I think Rochelle here forecloses any argument that the district court could have or should have issued a federal injunction to enforce the 2016 settlement agreement in this case. Back to Mr. West's federal statutory claim. This panel had some questions regarding whether or not Mr. West leading his congregate service would would be a less an alternative that would still meet the compelling state interests here which are preventing inmates from leading in a prison setting. We have this court has found that especially with these religious groups but that's that the authority cannot reasonably be doubted for preventing those types of hierarchy or leadership positions in a prison. Now I think it's important to keep in mind that the way these religious groups are organized in prison is under umbrella religious groups. So the Islamic group that Mr. West belongs to isn't just Sunni Muslims like Mr. West. It also encapsulates other divisions of Islam, other sects, other denominations such as the Nation of Islam, the Moorish Science Temple, those other and that's true with all of the religious umbrella groups at in prison. There's eight of them and there are far more denominations and sects within those than what is accounted for just with that large umbrella group. So the fact that Mr. West might believe that he's qualified to lead his congregate Islamic service doesn't necessarily mean that all of the other inmates that are participating in that service agree that he's qualified to lead them in that congregate service. So again that's part of that balance that the district court engaged in when looking and applying the least restrictive means and compelling government interest tests in this case. Have you guys sat down as parties and said Mr. Iappo what is it in these unfortunate circumstances where we don't have an imam that can come in? What is it that you believe you're qualified to do and what would you like to do? Can you be specific and have you all then considered that proposal under the terms of your policy that do seem to allow inmate facilitation of different services? You guys ever had a meeting like that? I don't believe that's happened in this case your honor. Because you have a footnote in your brief and you say we're not sure what he wants and neither am I and I thought well a good way to get at that might be to meet and talk about it. What we do know is that the guidance and the the amendments to the department's policy and congregate religious services has been completely litigated in this case and implemented and that still has not been going on for four years. It's not at all clear to me what do you think what what he wants to do and whether that would fit or not fit within the facilitation aspect that your policy seems to allow. I think we know that Mr. West would not be satisfied with the 2020 revisions to the policy as he continues to litigate this and in fact appealed the district court's decision saying that that policy provides the least restrictive means of advancing DOC's compelling interests here and and you're absolutely correct. That policy does provide in some instances as far as the steps that must be followed under that policy that there be planned roles for inmates that can be that are pre-approved by chaplains and that that service is still going to be. So what's running through my mind is if he says this is what I would like to read this is what I would like him to read this is what I would like her to read at the service this is the sermon or sermon equivalent of what I would like to deliver I may well be allowed and I don't know whether that's leading or not I don't have any idea but that the policy seems to allow quite a bit of inmate participation. It does your honor and that's why it is the least restrictive means of advancing the compelling interests here of the institution. I think it might not make satisfy Mr. West that the chaplains choose who are going to be saying these scripted roles that they're randomly assigned or on a rotating basis that might not meet Mr. West needs especially if just seems like the litigation would be a lot easier if we knew where the parties disagreed and I don't know as I sit here. And the department here is defending its policy this is what it can do it follows these steps and and the policy the amendment came about because of Mr. West and and his allegations in the earlier case that that's what was the catalyst for this policy they didn't they no longer cancel these groups outright when a chaplain or religious volunteer is not available to be there they follow these steps but again Mr. West has still pursued this litigation has still appealed the district court's decision saying following your policy is is is what we can do under the federal statutes that abides by by the religious land use and institutionalized persons act. That's not enough we're here today because of that so and the district court did properly balance those interests with what is now the current policy and those steps that it must follow. Unless the court has any further questions I'll conclude by asking that this district court's decision be affirmed. Thank you counsel. Anything further Mr. Modell? Thank you. First the state didn't appeal it's the judge's decision finding a violation of the settlement agreement so I certainly would not ask that the court consider that. Second in the rational decision basically was dealing with what's the scope of that injunction and was it narrowly defined under the Prison Litigation Reform Act as required and that's what this this court was addressing there. Third the state is saying they're here defending their policy there is no part of the policy that provides for rescheduling prior to going to either a cancellation or a non-compliant alternative. Also the fact is that the state is canceling outright. It's canceled 127 outright 127 in 2018- 2019. Thank you. Thank you very much counsel. The case is taken under advisement.